**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| James Peiffer, ) | |
| Plaintiff, ) | |
| v. ) | No.   10 C 3138 |
| ACB American, Inc., an Ohio corporation, ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, James Peiffer, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3.      Plaintiff, James Peiffer ("Peiffer"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt owed for a Citibank credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, ACB American, Inc., is an Ohio corporation ("ACB") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant ACB operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ACB was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Mr. Peiffer.

5.     Defendant ACB is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, ACB conducts business in Illinois.

6.     Moreover, Defendant ACB is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, ACB acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.     Mr. Peiffer is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Citibank credit card. When Defendant ACB began trying to collect this debt from Mr. Peiffer, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant ACB's collection actions.

8.     On March 20, 2010, one of Mr. Peiffer's attorneys at LASPD informed ACB, in writing, that Mr. Peiffer was represented by counsel, and directed it to cease contacting him, and to cease all further collection activities because Mr. Peiffer was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of

this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant ACB sent collection letters, dated March 30, 2010 and April 6, 2010, directly to Mr. Peiffer, in which it continued to demand payment of the Citibank debt. Copies of these letters are attached as Exhibits D and E.

10. Accordingly, on April 13, 2010, Mr. Peiffer's LASPD attorney had to send Defendant ACB another letter demanding that ACB cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant ACB's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant ACB's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Peiffer's agent, LASPD, told Defendant ACB to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant ACB violated § 1692c(c) of the FDCPA.

16. Defendant ACB's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant ACB knew that Mr. Peiffer was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant ACB to cease directly communicating with Mr. Peiffer. By directly sending Mr. Peiffer the collection letters (Exhibits D and E), despite being advised that he was represented by counsel, Defendant ACB violated § 1692c(a)(2) of the FDCPA.

20. Defendant ACB's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, James Peiffer, prays that this Court:

1. Find that Defendant ACB's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Peiffer, and against Defendant ACB, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

4

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, James Peiffer, demands trial by jury.

                                      James Peiffer,

                                      By: /s/ David J. Philipps
                                      One of Plaintiff's Attorneys

Dated: May 20, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com